# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY M. SPRING, SR., | ) | Case No. 4:18 CV 2920 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| BRANDESHAWN HARRIS, Warden, | ) | |
| | ) | **ORDER ON PETITIONER'S** |
| Respondent. | ) | **MOTION FOR LEAVE TO AMEND** |
| | ) | **AND REQUEST FOR STAY** |

**I.      Introduction**

This matter was referred to me for the preparation of a report and recommendation concerning the petition for a writ of habeas corpus Petitioner, Jeffrey M. Spring, Sr., filed on December 19, 2018. Respondent filed a return of writ on March 26, 2019. ECF Doc. 8. On June 26, 2019, Spring filed a motion for leave to amend his petition and provide a stay and abeyance. ECF Doc. 11. Respondent filed an opposition memorandum on July 10, 2018. ECF Doc. 12.

Initially, I must determine whether the motion for stay should be addressed by an order or by report and recommendation. A magistrate judge has the statutory authority to issue orders on motions so long as the order does not finally dispose of a party's claim or defense or otherwise prevent a party from seeking final relief. A stay may be dispositive or non-dispositive, depending on the nature of the relief granted. The critical inquiry is whether the stay constitutes a final decision for purposes of appealability, such that the stay has the same effect as an

injunction and leaves a party "effectively out of court." *Reynaga v. Cammisa,* 971 F.2d 414, 416 (9th Cir. 1992); *see also Touton, S.A. v. M.V. Rizcun Trader,* 30 F.Supp.2d 503, 510 (E.D.Pa. 1998) (examining appealability to determine whether stay granted dispositive or non-dispositive relief). When only a delay in litigation is contemplated, the stay is not dispositive. *See Adams v. Suozzi,* 393 F.Supp.2d 175, 177 (E.D.N.Y. 2005); *Saint's Brands, Inc. v. Brewery Group Denmark, A/S*, 57 F.Supp.2d 825, 833 (D. Minn. 1999). Here, Spring's unexhausted claim is already pending in state court and staying the case will only delay his habeas petition. The court also notes that respondent does not oppose the stay. For these reasons, I conclude that an order may be issued rather than a report and recommendation.

The court is permitted to excuse the procedural default of the argument Spring seeks to add to his petition if he is actually innocent of murder. The argument he seeks to include in his petition may not be futile. For these reasons, Spring's motion for leave to amend habeas corpus petition is GRANTED and this case is STAYED pending Spring's exhaustion in state court.

## II. Issue Presented

Spring seeks to amend his petition to include an additional basis for finding that he received ineffective assistance of appellate counsel as asserted in his Ground Two claim. Although not explained well, he seemingly seeks to argue that appellate counsel provided ineffective assistance of counsel by failing to raise the issue that trial counsel was ineffective for failing to forensically test the recovered bullets for metal, paint or primer residue. Spring raised this issue in a petition for post-conviction relief. The bullets have since been tested and Spring argues that the evidence supports his testimony. His petition for post-conviction relief is still pending in state court. ECF Doc. 11. At trial, Spring argued that he accidentally or recklessly shot the victim through the closed front door. He argues that the new forensic evidence supports this claim.

2

Respondent opposes Spring's motion to amend arguing that his additional Ground Two argument is procedurally defaulted and lacks merit. ECF Doc. 12. Respondent contends that the amendment to the petition would be futile. Respondent also asserts that he would be prejudiced by the amendment because he has already filed a return of writ and would be required to supplement it to address Spring's new argument. However, if the court grants petitioner's motion to amend, respondent does not oppose the requested stay.

### III. Law & Analysis

#### A. Motion to Amend Petition

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it; or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. Several factors must be considered in determining whether to permit an amendment: the reasons for delay in filing; whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party' repeated failure to cure deficiencies by previous amendments; whether there would be undue prejudice to the opposing party; and whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998).

Respondent contends Spring's proposed additional claim has been procedurally defaulted. However, even if that is true, Spring would have the opportunity to argue that the court should excuse the default for cause and prejudice and/or because he is actually innocent of murder. *Williams v. Coyle,* 260 F.3d 684, 693 (6th Cir. 2001); *Coleman v. Thompson,* 501 U.S. 722, 748, 111 S. Ct. 2546, 115 L. Ed. 2d 640. And, it appears that Spring may be asserting his actual innocence. Spring's motion to amend cites case law holding that one is actually innocent

3

if the state charged the 'right' person, but he is not guilty of the crime with which he is charged. ECF Doc. 11 at 2; *Schlup v. Delo,* 513 U.S. 298, 320-321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 452, 91 L. Ed. 2d 364, 106 S. Ct. 2616 (1986) (plurality opinion)).

Respondent also argues that the claim lacks merit. Respondent cites Spring's son's testimony that two bullet holes were put in the door on the day that Spring shot the victim. ECF Doc. 9 at 264. Respondent also cites other evidence in the record supporting the jury's conviction of murder, despite evidence that Spring shot the victim through the door. ECF Doc. 12 at 3. Although not explained very well, respondent seemingly argues that appellate counsel was not deficient in failing to raise this argument because it would not have made a difference had trial counsel sought forensic examination of the bullets.

But additional evidence supporting Spring's story may have swayed some jurors. Forensic evidence would likely have been more probative than the testimony of respondent's son, whom the jury may have considered biased. Without more information regarding this claim, the court cannot say that appellate counsel's performance was not deficient or that Spring was not prejudiced. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Fed. R. Civ. P. 15(A)(2) provides that leave should be freely given when justice so requires. Justice requires that Spring be given a chance to amend in this instance. Spring's post-conviction argument is still pending in state court. If it is not successful there, Spring should have the opportunity to present the argument he inadvertently omitted from his original petition. The court recognizes that respondent already filed a return, but the prejudice to respondent is relatively minor particularly when balanced against the potential harm Spring is facing. For these reasons, the court GRANTS Spring's motion to amend.

## B. Stay & Abeyance

Because the argument that Spring seeks to add to his petition is unexhausted in state court, but some or all of his other arguments are, his amended habeas petition would be a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 271, (2005). When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 510 (1982). After a mixed petition is dismissed, and the petitioner subsequently exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

However, after AEDPA established a one-year statute of limitations on habeas petitions, the Supreme Court determined that the dismissal of an entire petition could potentially preclude the petitioner from bringing his already-exhausted claims in a new petition. *See Rhines*, 544 U.S. at 274–75. To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims).

Here, it appears that some of Spring's arguments could end up being barred by the statute of limitations if the court were to dismiss his mixed petition. The Ohio Supreme Court declined jurisdiction in Spring's direct appeal on February 14, 2018, and it is unclear whether statutory tolling would extend Spring's deadline for filing.

If a petitioner's already-exhausted claims are not tolled under 28 U.S.C. § 2244(d)(2), courts must consider the following factors in determining whether to stay a habeas petition: (1)

5

whether the petitioner had good cause for failing to exhaust his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner is engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78. Spring could argue that his appellate counsel's ineffective assistance prevented him from exhausting the argument he seeks to add to his petition. The unexhausted claim may not be meritless (as explained herein) and there is no indication that Spring is engaged in dilatory tactics. As already noted, respondent does not oppose the requested stay. For these reasons, the stay and abeyance requested by Spring is appropriate and the court GRANTS Spring's unopposed request for a stay.

**IV.     Conclusion**

The scales of justice weigh in favor of permitting Spring to amend his petition. The procedural default of Spring's argument may be excused if he shows he is actually innocent of murder. Amending his petition may not be futile. For these reasons, the court GRANTS petitioner's motion for leave to amend petition. ECF Doc. 11. The case is STAYED pending the outcome of Spring's state court appeal (Ohio's Seventh Dist. Court of Appeals, case # 19 JE 14). The parties must notify the court when petitioner has exhausted the proposed argument in state court.

IT IS SO ORDERED.

Dated: September 19, 2019

Thomas M. Parker
United States Magistrate Judge